## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY EUGENE BLACK,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SHERIFF KEITH BROWN, and** )<br>**JILL MOORE,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 16-cv-00325-MJR** |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Rodney Black is currently incarcerated at the Saline County Jail, located in Harrisburg, Illinois. Proceeding *pro se*, Black has filed a complaint under 42 U.S.C. § 1983, alleging that Sheriff Keith Brown and Deputy Jill Moore have violated his constitutional rights.

This matter is now before the Court for a preliminary review of Black's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

      Plaintiff's complaint fails to state a claim for which relief may be granted. He appears to be alleging Eighth Amendment deliberate indifference claims concerning his thumb and mental health treatment, however, he has not pleaded enough facts to assert a plausible claim as to either allegation. He does not name as defendants either the surgeon who failed to perform surgery on his thumb, nor the psychiatrist who allegedly prescribed Plaintiff anti-anxiety medication without actually seeing him or his medical file. Instead, his two assertions of liability concern "Saline Counties [sic.] negligence" in delaying thumb surgery for twelve weeks, and Jill Moore's interference with Plaintiff's attempts to receive psychiatric treatment. Plaintiff, however, does not state why his thumb surgery was delayed or who at Saline County is responsible for the delay. As to Moore, Plaintiff simply states that he has "been repeatedly denied to see psychiatrist by Jill Moore," and that "Jill Moore allegedly called Jail Doctor and he placed me on a couple of anxiety medications, without benefit of seeing me or . . . [my] psychiatric transcripts." (Doc. 1 at 5.) He does not include any other facts relating to her intentions or the circumstances

undergirding her action that would allow the Court to determine whether or not Ms. Moore violated Plaintiff's constitutional rights.

For the foregoing reasons, Plaintiff's complaint must be dismissed and he must file a new complaint that pleads "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As he drafts his amended complaint, Plaintiff should be mindful of Federal Rule of Civil Procedure 20. Rule 20 allows a plaintiff to join as many defendants as he wants in one action so long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences" *and* "any question of law or fact common to all defendant will arise in the action." FED. R. CIV. P. 20(a)(2). What a prisoner cannot do under Rule 20 is join unrelated claims against separate groups of defendants in one suit — a "litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This barrier against multi-defendant, multi-claim suits avoids the procedural "morass" that comes with these types of cases, and also ensures that prisoners pay necessary filing fees and incur strikes as envisioned by the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff asserts a medical claim relating to his thumb and another one relating to his mental health treatment. To the extent his claims are directed at discrete groups of defendants, he should restrict his amended complaint to claims against one defendant or group of defendants, and raise unrelated claims against another defendant or group of defendants in another suit. If he violates Rule 20 in his amended complaint, claims may be severed *sua sponte*. Plaintiff should keep in mind that suing Sheriff Keith Brown without alleging any personal involvement on his behalf in Plaintiff's alleged injuries is not enough to satisfy Rule 20.

One final not is necessary as regards Plaintiff's Motion to Add Evidence (Doc. 7). The Court does not accept piecemeal amendments to complaints. If Plaintiff wishes to inform this Court of additional evidence, he should file one or more amended complaint as instructed by the Court. Accordingly, the Motion to Add Evidence (Doc. 7) is **DENIED**.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff is **DIRECTED** to submit his First Amended Complaint within 35 days of the entry of this order (on or before May 23, 2016). He should label the form First Amended Complaint, and he should use the case number for this action. For each of Plaintiff's counts, Plaintiff should state, in chronological order, what happened to him that constituted a deprivation of his constitutional rights, and who was personally involved.

An amended complaint supersedes the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 18, 2016**

        s/ MICHAEL J. REAGAN
        **MICHAEL J. REAGAN**
        **Chief Judge**
        **United States District Court**