IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY EUGENE BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00325-MJR |
| | ) |
| JILL MOORE, and | ) |
| DR. DAN WILLIAMS,[1] | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Rodney Eugene Black, a pretrial detainee at the Saline County Jail, brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Black was granted leave to file an amended complaint after this Court screened his initial complaint and determined that he failed to present sufficient facts or allegations to state a claim. Black filed his amended complaint in a timely fashion, making claims of deliberate indifference for the treatment of a hand injury, deliberate indifference for the denial of psychiatric care, and a due process violation for prolonged placement in solitary confinement (Doc. 10). In conjunction with his claims, Black named Jill Moore and Dan Williams. He seeks monetary compensation.

---

[1] Plaintiff named Defendant Keith Brown, the Saline County Sheriff, in his original complaint (doc. 1). However, he did not name Defendant Brown in his amended complaint (doc. 10). Accordingly, the Court is treating Plaintiff's omission in his amended complaint as an intentional dismissal of Defendant Brown.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Black alleges that he arrived at Saline County Jail in April 2016 (Doc. 10 at 5). At the time of his arrival, Black apparently needed surgery on his hand, and was actually scheduled for surgery with the Veterans Administration on April 18, 2016 (*Id.*). He informed Defendant Jill Moore that he was scheduled for surgery and she assured him that his needs would be addressed, but he missed the surgery on April 18 (*Id.*). He alleges that Dr. Dan Williams was also responsible for working with Moore to get him the needed surgery (*Id.*). Black's hand condition went untreated from three months and it healed improperly (*Id.*). He alleges that when he finally saw a surgeon his thumb was declared inoperable (*Id.*). As a result of the lack of treatment, Black claims that his thumb is permanently disabled (*Id.*).

In addition to the complaints about his thumb, Black also claims that he has not received adequate psychiatric care (*Id.*). He alleges that he made Moore aware of his

psychiatric needs, and that he was prescribed medications by Dr. Williams without an appointment, but he does not feel that these actions were appropriate or sufficient to target his needs (*Id.*).

Finally, Black claims that he has been in solitary confinement for a year (*Id.*). He does not allege what about this type of confinement is wrong, whether or not he has had administrative review of this placement, or who is responsible for his ongoing confinement in solitary (*Id.*).

## **Discussion**

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

- **Count 1:** Eighth Amendment claim against Defendants Moore and Williams for delaying or denying access to medical care for Black's injured hand;

- **Count 2:** Eighth Amendment deliberate indifference claim against Defendants Moore and Williams for inadequate psychiatric care,

- **Count 3:** Fourteenth Amendment due process claim for solitary confinement of more than a year.

Count 1 shall be allowed to proceed beyond screening, however, Counts 2 and 3 shall be dismissed for failure to state a claim upon which relief may be granted.

As an initial matter, Black is a pretrial detainee, so he is not yet eligible to bring claims under the Eighth Amendment. However, the Seventh Circuit has found that claims by pretrial detainees may be assessed under the Fourteenth Amendment, and that it is "convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and the Eighth Amendment (convicted prisoners) without differentiation." *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted). Accordingly, the foregoing discussion will analyze Black's claims in light of the standards applicable to comparable Eighth Amendment claims.

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates deliberate indifference to the serious medical needs of an inmate. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). To establish deliberate indifference to a medical condition, a prisoner must show a

condition that is sufficiently serious (objective component) and that an official acted with a sufficiently culpable state of mind in failing to address the condition (subjective component). *Id.* Whether an injury is serious enough is a very fact specific inquiry—seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain, among other things. *Id.*

As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.* A claim for medical negligence does not amount to deliberate indifference. *Gutierrez*, 111 F.3d at 1369. Additionally, a reasonable response differs depending on the capacity of the alleged wrongdoer. A non-medical prison employee—one who for example handles grievances, or supervises prison operations—will generally not be liable for deliberate indifference if he or she believes the prisoner is receiving adequate medical care, or takes steps to verify that the inmate is receiving care. *See Greeno v. Daley*, 414 F.3d 645, 655-57 (7th Cir. 2005). However, individual liability may arise on behalf of a non-medical defendant if the defendant is made aware of a specific constitutional violation via correspondence from the inmate and the individual declines to take any action to address the situation. *See Perez v.*

*Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). Simply put, a prison official may not escape liability by turning a blind eye to serious harms. *Id.* at 781.

In a case where an inmate claims a delay in treatment as opposed to a total denial, the plaintiff must offer some evidence that the delay caused lasting harm. *See Conley v. Birch*, 796 F.3d 742, 749 (7th Cir. 2015) (finding that a plaintiff may be able to prove to a jury that delay constituted deliberate indifference where the treating doctor testified that the bones in the hand would begin fusing quickly after an injury, and thus permanent damage may occur quickly). There is no bright line standard for how much of a delay is too much. There is also no bright line standard for how much care must be provided to avoid liability for deliberate indifference. A doctor or prison official is not required to follow every recommended course of care with precision, but ignoring recommendations of an outside provider may constitute deliberate indifference if doing so would result in the provision of such inadequate care that no reasonable medical official would agree with the course of action taken. *See Perez*, 792 F.3d at 778-79 (collecting cases) ("allegations that a prison official refused to follow the advice of a medical specialist for a non-medical reason may at times constitute deliberate indifference"); *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012) (stating that a prison doctor "is free to make his own, independent medical determination as to the necessity of certain treatments or medications, so long as the determination is based on the physician's professional judgment and does not go

against accepted professional standards"). Although a prison official may not continue a course of treatment he knows is blatantly ineffective, prisoners are not entitled to receive unqualified access to healthcare. *See id*. at 1073-74. A doctor may provide the care he feels is reasonable so long as it falls within a "range of acceptable courses based on prevailing standards in the field." *Id.* at 1073.

The Seventh Circuit recently addressed a deliberate indifference to serious medical needs case involving delayed treatment of a hand injury. *See Daniel v. Cook Cnty.,* 2016 WL 4254934 *1, *3-4 (7th Cir. Aug. 12, 2016). In *Daniel*, the Seventh Circuit reversed and remanded the case after summary judgment had been rendered on behalf of the defendants. *Id.* at *12. In doing so, the Court noted that delayed and disjointed medical treatment of a broken hand, which allegedly led to permanent disfiguration, presented a genuine issue of material fact as to the sufficiency of medical care at the jail facility. *Id.* at *5-12.

The viability of a section 1983 claim turns in part on the nature of the alleged harm, in part on the role of the alleged actor, and in part on the type of relief sought. Section 1983 liability is premised primarily on individual liability of actors for harmful actions they personally took. Thus, to be liable under section 1983 "an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Monetary damages may be awarded for individual capacity claims. *See id.*

The doctrine of *respondeat superior* does not apply to section 1983 claims; thus, a defendant must be personally liable for the deprivation of a constitutional right. A defendant will be deemed to have sufficient personal responsibility if "he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, a supervisor may be liable for deliberate, reckless indifference to the misconduct of subordinates if it can be shown that the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it for fear of what they might see. *See id.* (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Objectively, Black has identified an injury serious enough to pass threshold review. A fractured or broken hand is a condition that would typically be associated with extreme and persistent pain. *See Gutierrez*, 111 F.3d at 1369 (noting that a common cold or minor asthma attack may not be serious, but that a topical skin cyst could be serious). The subjective component of the deliberate indifference analysis will be conducted in turn with respect to each individual defendant and their role in the institution. *See Greeno*, 414 F.3d at 655-57.

First, as to Defendant Moore, based on the allegations it appears that she holds a supervisory role in the medical unit. From the Complaint, it is not clear if she has medical expertise, or if she is just involved in administrative work such as scheduling appointments and fielding grievances. Either way, Black alleges that she was notified of

his pre-existing appointment for surgery and that she failed to assist him in making that appointment or seeing the surgeon in a timely fashion. As a result of this delay, Black claims that his hand healed improperly and that he will suffer from permanent disfiguration. In light of *Conley* and *Daniel*, these facts may be sufficient to support a claim for deliberate indifference against Moore. *See Conley*, 796 F.3d at 749 (finding that delayed treatment of a serious hand injury may state a claim for deliberate indifference); *Daniel*, 2016 WL 4254934 *1, *5-12 (finding that an untreated hand injury presented a genuine issue of material fact). Accordingly, Count 1 will be allowed to proceed against Moore.

Second, as to Defendant Williams, Black's claim will also be allowed to proceed at this juncture because he has alleged that Williams had a role in delaying access to medical care for his hand. Though the claim against Williams is somewhat more tenuous than the claim against Moore, the net result of delayed care—permanent disfiguration—is a serious allegation. Furthermore, the *Daniel* Court noted the difficulty plaintiffs may face in challenging medical care when they receive treatment from multiple providers. *See Daniel*, 2016 WL 4254934, *5-12. Though the present fact are not precisely on all fours with *Daniel*, allowing the present claim to continue for development of a more comprehensive factual record is in line with the spirit of *Daniel* and will ensure that Black has an opportunity for his claim to be heard. Accordingly, Count 1 will also proceed against Defendant Williams.

**Count 2**

At this early stage, the Complaint suggests that Black suffers from ongoing psychiatric conditions, however, it is not clear that he is suffering from a lack of treatment. In the Complaint, Black alleges that he was prescribed medications and he does not contend that the medications are not helping him, nor does he contend that he is suffering from untreated conditions. Absent such details, the bare assertion that he is not receiving care is not enough to state a claim for deliberate indifference. Thus, Count 2 is dismissed without prejudice for failure to state a claim.

**Count 3**

The Complaint refers to Black's status in solitary confinement, and baldly asserts that he has been in solitary for more than a year. Plaintiffs are not automatically entitled to due process regarding their classification or placement within the prison, though they may have a right to due process if they can show, among other things that their confinement status is atypical and imposes a significant hardship. *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (considering conditions which included 24-hour exposure to artificial light, indoor exercise for 1 hour per day; and severe limitations on almost all human contact including verbal contact); *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995).

Here, Black has not made sufficient factual allegations to demonstrate a plausible due process claim. He has not indicated the precise start date of his placement in

solitary confinement, the reason for said placement, or the actual conditions of the confinement. Black's minimal allegations are simply not enough to state a plausible claim to relief. Accordingly, Count 3 is dismissed without prejudice for failure to state a claim.

### Pending Motions

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is hereby **GRANTED** as it pertains to Defendants **Moore and Williams.**

Plaintiff's Motion for Recruitment (Doc. 4) of Counsel is referred to Magistrate Judge Stephen C. Williams for handling with the rest of this case.

### Disposition

**IT IS ORDERED** that **COUNTS 2 and 3** are **DISMISSED** without prejudice against all Defendants for failure to state a claim.

**IT IS ORDERED** that **DEFENDANT KEITH BROWN** is dismissed from this case in its entirety because he was not named as a defendant in Black's First Amended Complaint.

**IT IS ORDERED** that **COUNT 1** shall receive further review against Defendants **MOORE** and **WILLIAMS**. With respect to **COUNT 1,** the Clerk of Court shall prepare for **DEFENDANTS MOORE AND WILLIAMS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and

this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to

the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 4). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing

and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  September 22, 2016**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. District Judge**