# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY EUGENE BLACK,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 16-CV-325-SMY-MAB |
| **JILL MOORE, DAN WILLIAMS,** | ) |
| **SHERIFF KEITH BROWN,** | ) |
| **JILL BENNETT and BRIAN BENNETT,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mark A. Beatty (Doc. 91) recommending that the undersigned deny Plaintiff's Motion to Strike Pleadings (Doc. 75). Plaintiff filed a timely objection (Doc. 94). For the following reasons, Judge Beatty's Report and Recommendation is **ADOPTED.**

### Background

Plaintiff Rodney Eugene Black, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging the defendants were deliberately indifferent to his serious medical needs when they denied and/or delayed providing treatment for his broken thumb. Plaintiff moves for sanctions, asserting that his attorney was informed by a correctional officer that telephone conversations between Plaintiff and his attorney "may be and may have been monitored." Specifically, Plaintiff requests that the Court strike Defendants' pleadings, that judgment be entered in his favor and against the defendants, and that a hearing be set for a prove-up of damages. Defendants filed a response in opposition to Plaintiff's

Motion supported by affidavits from each defendant and the Saline County 911 Coordinator, Tracy Felty.

Judge Beatty determined that an evidentiary hearing was unnecessary and ruled based on the parties' briefs. His Report details the nature of the evidence presented by the parties as well as the applicable law. Judge Beatty concluded that Plaintiff's allegations of eavesdropping were not supported by the record and that the harsh sanction of striking Defendants' pleadings was not warranted. Accordingly, Judge Beatty recommended the undersigned deny Plaintiff's Motion.

Since Plaintiff filed a timely objection, the undersigned must undertake a *de novo* review of Judge Beatty's recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights,* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper,* 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788. Consistent with these standards, the Court has reviewed Judge Beatty's Report *de novo*.

## Discussion

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." A court may also exercise its inherent powers to "fashion . . . appropriate sanction[s] for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991).

Plaintiff contends the affidavit of Tracy Felty confirms that conversations between Plaintiff and his attorney were recorded by the County. Felty averred that all telephone lines in the Saline County Jail are on a secured line that is recorded through the Saline County 911 system. She also states she is the only person with the password to listen to any of Plaintiff's telephone calls, that she has never listened to Plaintiff's telephone conversations, and that she has not provided the password to anyone else.

Prison officials may monitor and even tape an inmate's telephone conversations with an attorney "only if such taping does not substantially affect the prisoner's right to confer with counsel." *Tucker v. Randall,* 948 F.2d 388, 391 (7th Cir. 1991). Here, each Defendant and Felty averred that they have never listened to any telephone conversations made by Plaintiff. Plaintiff has produced no evidence that anyone has listened to his conversations with his attorney or that his rights to confer with counsel have been affected.

The Court finds no clear error in Judge Beatty's findings, analysis and conclusions, and adopts his Report and Recommendation in its entirety. Accordingly, Plaintiff's Motion to Strike (Doc. 75) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 24, 2019**

                                        **STACI M. YANDLE**
                                        **United States District Judge**