# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY EUGENE BLACK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-325-SMY-MAB |
| | ) |
| **JILL MOORE, DAN WILLIAMS,** | ) |
| **SHERIFF KEITH BROWN,** | ) |
| **JILL BENNETT and BRIAN BENNETT,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mark A. Beatty (Doc. 96) recommending that the undersigned deny Defendant Dan Williams' Motion for Summary Judgment (Doc. 88). Williams filed a timely Objection (Doc. 98) and Plaintiff filed a Response to the Objection (Doc. 99). For the following reasons, Judge Beatty's Report and Recommendation is **REJECTED.**

### Background

Plaintiff Rodney Black, an inmate at Menard Correctional Center, brought this action pursuant to 42 U.S.C. § 1983, claiming the defendants were deliberately indifferent to his serious medical needs when they denied and/or delayed providing treatment for his broken thumb during his incarceration at Saline County Jail ("Saline"), (Doc. 72). Defendant Dan Williams moved for summary judgment.

Judge Beatty considered the following evidence for his Report: Black injured his left thumb while wrestling with a friend two to three weeks prior to being incarcerated at Saline (Doc. 88-1,

p. 22). On April 13, 2015, Black had a consultation with Dr. Kevin Koth regarding his left thumb injury and Dr. Koth scheduled thumb surgery for April 18, 2015 (Doc. 88-5). Black missed his surgery date because he was arrested and booked into Saline on April 17, 2015 (Doc. 88-1, p. 7). During his intake at Saline, Black informed Sergeant Upchurch that his thumb was broken, that he was in pain, and that he was scheduled for surgery on April 18, 2015 (*Id.* at pp. 34-35). Black was incarcerated at Saline from April 17, 2015 to June 9, 2015.

Defendant Williams is a physician's assistant who provided Black with medical care while he was incarcerated at Saline (Doc. 88-3, pp. 20-27). In his position, Williams provided in-person medical care one day a week and was on call 24/7 (Doc. 88-3, p. 18). He is not responsible for scheduling follow up appointments, tests, or surgeries (Doc. 88-3, p. pp.24-26; Doc. 88-6, 76:21-77:4).

Williams examined Black on April 23, 2015. After examining Black and reviewing his medical records, Williams put Black's thumb in a splint, ordered Black to keep the splint on his thumb, and charted "call Orthopedic surgeon discuss emergent need for surgery or can it wait. Need orthopedic surgeon's opinion" (*Id.* at pp. 20-23). This was the only time Williams saw Black. That same day, Williams informed jail administrator, Jill Bennett, that Black's injury needed to be evaluated by an orthopedic surgeon so that the surgeon could opine upon the necessity of surgery. On April 30, 2015, Williams prescribed Black Tylenol for pain at his request (*Id.* at pp. 27-34). Saline records indicate that Black refused to take the prescribed Tylenol on April 30, 2015 and May 1, 2015 (Doc. 88-2, pp. 38-39).

Bennett testified that Williams did not inform her that Black's thumb required surgery promptly (Doc. 88-6, p. 14), but acknowledged that Williams told her that the need existed to call an orthopedic surgeon regarding Black's thumb (*Id.* at pp. 70-72). Bennett, as the jail

administrator, had the authority to decide what intervention would be implemented. If surgery was necessary, it had to be referred to an outside surgeon because Saline was not equipped to undertake such a procedure.

On May 6, 2015, Saline personnel transported Black to Harrisburg Medical Center ("Harrisburg") for an x-ray and CT of his left hand (Doc. 88-1, p. 45). The scans confirmed that Black had a fracture at the base of the first metacarpal but no bridging callus formation (Doc. 88-3, 37:15-38:13). On May 7, 2015, Bennett called Dr. Koth's office and informed him of the results (Doc. 88-6, 35:22-36:11). After Dr. Koth reviewed the results, he noted that Black still required a closed reduction surgery with possible percutaneous pinning, and scheduled his surgery for June 9, 2015 (Doc. 88-5). On June 9, 2015, Dr. Koth attempted to perform the scheduled surgery but discovered a significant amount of callus at the fracture, determined surgery was not the best course of treatment at that time, and placed Black in a cast instead (Doc. 88-5).

Based on this evidence, Judge Beatty concluded that a reasonable jury could find that Williams was deliberately indifferent to Black's serious medical needs. He noted that Williams was aware that Black had a broken thumb on April 23, 2015, that Williams has extensive experience in the field of orthopedics and testified it is important that orthopedic injuries be addressed on a prompt basis, and that Black's surgery was not scheduled until June 9, 2015 – 53 days after Black arrived at Saline.

## Discussion

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision

"based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*. Consistent with these standards, the Court has reviewed Judge Beatty's Report *de novo*.

Because at all relevant times to his claim Black was a pretrial detainee and not an inmate, his claim arises under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 350-351 (7th Cir. 2018). Under *Kingsley* and *Miranda*, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable – not that the defendant was subjectively aware that it was unreasonable. *Miranda*, 900 F.3d at 352-53. This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018).

Williams objects to Judge Beatty's conclusion that his care of Black was not objectively reasonable. Specifically, Williams argues that Black has not established what care he failed to provide, and that there is nothing in the record indicating that he "purposefully or knowingly" prolonged the surgery. Black contends that Williams abandoned his care and treatment to untrained corrections officers without advising those officers of the need to obtain prompt medical treatment for Black. The Court disagrees.

The evidence establishes that Williams examined Black and ordered him to keep his splint on his thumb. The same day, Williams discussed with Bennett the need for Black to be examined by an orthopedic surgeon. Bennett testified that Williams did not inform her that Black's thumb required surgery promptly but acknowledged that Williams told her that an orthopedic surgeon needed to be called to evaluate Black's thumb. Williams later prescribed pain medication for Black after receiving a request – medication that Black refused to take. The evidence further establishes that although Black did not receive diagnostic testing until two weeks after his evaluation by Williams, the tests showed that there was no bridging callus formation. At that point, Williams' purported extensive experience in orthopedics became irrelevant as his initial orders led to the diagnostic tests which showed that surgery was feasible.

Following the diagnostic testing, Dr. Koth (Black's original orthopedic surgeon) consulted with Bennett and scheduled Black for surgery on June 9, 2015. It is unclear why Dr. Koth did not schedule Black's surgery to take place earlier, but it is undisputed that Williams was not consulted or involved with scheduling the surgery nor did he have the authority to schedule surgery. As such, any delay in scheduling Black's surgery following the negative diagnostic testing cannot be attributable to any action or inaction by Williams. Even assuming Williams should have proactively taken additional steps to monitor Black between May 7, 2015 and June 9, 2015, mere negligence is insufficient to support a claim for inadequate medical care under the Fourteenth Amendment. *See McCann*, 909 F.3d at 887 quoting *Dixon v. County of Cook*, 819 F.3d 343, 350 (7th Cir. 2016) (explaining that a plaintiff must "prove facts from which something more than negligence or even medical malpractice can be inferred").

After thoroughly reviewing the record before it, the Court **REJECTS** Judge Beatty's Report and Recommendation (Doc. 96). Accordingly, Defendant Dan Williams' Motion for

Summary Judgment (Doc. 88) is **GRANTED** and Plaintiff's claims against Williams are **DISMISSED with prejudice**. Plaintiff shall proceed against the remaining defendants on his Fourteenth Amendment deliberate indifference claim. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of this case.

    **IT IS SO ORDERED.**

    **DATED:  October 31, 2019**

    **STACI M. YANDLE**
    **United States District Judge**